# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHERI LEE DELARUELLE,

        Petitioner,

v.                                          Case No. 07-CV-1097

STATE OF WISCONSIN,

        Respondent.

_____

## ORDER

Petitioner Sheri Lee Delaruelle ("Delaruelle") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 7, 2007. In her petition, Delaruelle challenges her underlying state convictions and sentence for homicide by intoxicated use of a vehicle, hit and run involving death, and second degree reckless homicide. Delaruelle alleges a violation of her Sixth Amendment right to counsel based on the ineffective assistance of her trial attorney. For the reasons stated below, the court will deny Delaruelle's § 2254 petition.

## BACKGROUND

Delaruelle was convicted by jury verdict in Brown County Circuit Court of charges arising from her intoxicated operation of a vehicle in the early morning hours of April 24, 2004. On that day, Delaruelle struck Marie Laurent with her truck, dragging her beneath the vehicle. The incident resulted in the death of Ms. Laurent. After hitting the victim, Delaruelle fled the scene and was quickly stopped by police. An officer administered field sobriety tests to Delaruelle, which she failed, and

subsequently transported her to a hospital for a blood draw. During the course of these events, Delaruelle made comments about the incident and her intoxication. At the police station, Delaruelle was read her *Miranda* rights and made further statements. She was later charged with one count each of homicide by intoxicated use of a motor vehicle, hit-and-run causing death, and first-degree reckless homicide.

Delaruelle pleaded "not guilty" to the charges and took her case to trial, where she was represented by defense counsel Charles Koehn ("Attorney Koehn"). Attorney Koehn did not challenge the admissibility of Delaruelle's statements to law enforcement in the course of his representation. The jury ultimately found Delaruelle guilty of homicide by intoxicated use of a motor vehicle, hit-and-run causing death, and second-degree reckless homicide, a lesser included offense. The trial court sentenced Delaruelle to a total of fifteen years' imprisonment and ten years' extended supervision.

After sentencing, Delaruelle filed for postconviction relief claiming ineffective assistance of her trial counsel. The court held a *Machner* hearing, at which Attorney Koehn testified that Delaruelle never provided him any information suggesting that her statements to police were involuntary. Delaruelle was *Mirandized* prior to her interview at the police station and she did not indicate to defense counsel that police used coercion to obtain her statements, nor did she ever testify to such coercion. On this basis, Attorney Koehn concluded that a motion to suppress Delaruelle's statements would be meritless. Following Delaruelle's postconviction hearing, the

trial court concluded that she failed to prove ineffective assistance of counsel and denied her motion.

The Wisconsin Court of Appeals affirmed Delaruelle's conviction and the order denying her postconviction relief on March 20, 2007. In its decision, the court held that Delaruelle failed to establish deficient performance by Attorney Koehn. The court further found that Delaruelle was not prejudiced by Attorney's Koehn's failure to object to admission of her statements. Delaruelle subsequently petitioned the Wisconsin Supreme Court for review, which was denied on May 22, 2007. Delaruelle filed a petition for a writ of habeas corpus and a motion for leave to proceed in forma pauperis in December 2007. However, she made no further filings and the court relies on her petition and arguments to the Wisconsin Court of Appeals in rendering a decision.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under the statute, a federal court may grant such a writ when a petitioner is held in custody under a state court decision in violation of the United States Constitution. *Corcoran v. Buss*, 551 F.3d 703, 708 (7th Cir. 2008). A state court's decision to deny an individual's motion for postconviction relief entitles that individual to habeas relief if the state court's decision: 1) was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or 2) was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Badelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006).

A habeas petitioner claiming ineffective assistance of counsel must show that the state court unreasonably applied the principles of *Strickland v. Washington*. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006). To establish ineffective assistance under *Strickland*, a petitioner must show: 1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and 2) the deficiency prejudiced his defense so that it is reasonably probable that the result of the proceeding would have been different without counsel's unprofessional errors. *Conner v. McBride*, 375 F.3d 643, 656-57 (7th Cir. 2004). When a petitioner brings an ineffective assistance of counsel claim based on counsel's failure to make a motion to suppress, courts generally require that the defendant prove the motion was meritorious. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

Delaruelle argues that Attorney Koehn's failure to challenge the admissibility of her statements to police constitutes ineffective assistance of counsel. However, this court finds that Delaruelle fails to establish either deficient performance by Attorney Koehn or resulting prejudice. Therefore, Attorney Koehn's decision not to file a motion to suppress Delaruelle's statements does not warrant the granting of a writ of habeas corpus.

Delaruelle fails to show that Attorney Koehn's performance was deficient because he considered the admissibility of her statements and reasonably concluded that any motion regarding the statements would be meritless. In order for

-4-

Delaruelle's statements to the police to be inadmissible, she must show that the statements were not made voluntarily. *See United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001). A confession is involuntary if it is the result of physical abuse, psychological intimidation, or deceptive interrogation tactics overcoming the defendant's free will. *See id.* Indeed, "coercive police activity is a necessary predicate to the finding that a confession is not voluntary." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). However, at Delaruelle's postconviction hearing, Attorney Koehn testified that his client never indicated that she was coerced, intimidated, or beaten into providing statements to the police. Thus, Attorney Koehn had no basis upon which to make a motion to suppress Delaruelle's statements.

Further, Attorney Koehn made a strategic choice to use Delaruelle's statements during his trial arguments, which necessarily precludes suppression of those statements. As the Wisconsin Court of Appeals noted, the "defense strategy was to use Delaruelle's level of intoxication and statements to avoid a first-degree reckless homicide conviction by refuting the assertion that she acted with an utter disregard for human life." (Docket #11, Ex. B., p.4). Therefore, to prove that Attorney Koehn's decision not to challenge the statements constitutes ineffective assistance, Delaruelle must overcome the presumption that his decision "might be considered sound trial strategy" under the circumstances. *United States v. Stark*, 507 F.3d 512, 521 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Given Attorney Koehn's aim to avoid a first-degree reckless homicide conviction (which he achieved when the jury convicted Delaruelle of the lesser

included offense), the court deems his choice a reasonable decision under the circumstances. Accordingly, Delaruelle fails to overcome the presumption that her attorney employed a sound trial strategy. Delaruelle cannot establish that Attorney Koehn's performance was deficient.

Delaruelle's failure to establish the first prong of *Strickland*, deficient performance by counsel, negates the need to consider the second prong, prejudice. *See Velarde v. United States*, 972 F.2d 826, 828 (7th Cir. 1992) ("Failure to satisfy either the performance or prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim"). However, the court notes that Delaruelle also fails the second prong because she cannot establish that Attorney Koehn's decision prejudiced her defense. There is no reasonable probability that the jury would not have convicted Delaruelle if her statements had been excluded. The jury heard testimony from four eye-witnesses to the events underlying the charges. Therefore, the jury heard evidence other than the defendant's statements that Delaruelle drove her vehicle while impaired, hit and dragged Marie Laurent, and then fled the scene. Even if the duplicative statements were suppressed, the jury would still possess the same factual information upon which it rendered a guilty verdict. Thus, Delaruelle cannot demonstrate prejudice because suppression of her statements does not create a reasonable probability that the outcome of Delaruelle's trial would have been different. *See Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009) ("To demonstrate prejudice under Strickland, a habeas petitioner must establish that

-6-

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

## CONCLUSION

Delaruelle fails to establish either prong of the *Strickland* test. She cannot demonstrate that Attorney Koehn's performance was deficient based on his decision not to file a motion to suppress her statements, nor can she establish prejudice because it is not reasonably probable that the jury would have found her "not guilty" if her statements were excluded. Therefore, Delaruelle did not suffer ineffective assistance of counsel warranting habeas relief.

Accordingly,

**IT IS ORDERED** that Delaruelle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED** and this case is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge